CLERK
US DISTRICT **IN THE UNITED STATES DISTRICT COURT**
COURTS FOR DC
**FOR THE DISTRICT OF COLUMBIA**

2022 JAN 18  A 11: 05

CHRISTOPHER WILLIAMS,                          )
                    RECEIVED                    )
                                                )
            Plaintiff,                          )          Case: 1:22–cv–00114
                                                )          Assigned To : Unassigned
v.                                              )          Assign. Date : 1/18/2022
                                                )          Description: Pro Se Gen. Civ. (F–DECK)
                                                )
                                                )
District of Columbia,                           )
c/o The Honorable Muriel E. Bowser             )
1350 Pennsylvania Avenue, N.W.                  )
Washington, D.C. 20004                          )
                                                )
Nyasha Smith                                    )
Secretary to the DC Council                     )
On behalf of Councilmembers Phil Mendelson,    )
Anita Bonds, Robert White, Elissa Silverman,   )
Christina Henderson, Brianne Nadeau,           )
Brooke Pinto, Mary Cheh, Janeese Lewis-        )
George, Kenyan McDuffie, Charles Allen,        )
Vincent Gray, Trayon White                      )
John A. Wilson Building                         )
1350 Pennsylvania Avenue NW                     )
Washington, D.C. 20004                          )
                                                )
                                                )
            Defendants.                         )

---

## PRELIMINARY STATEMENT

1.  This is an action for declaratory and injunctive relief pursuant to Equal

Protection Clause of the Fourteenth Amendment and the District of Columbia Home Rule

Act and for the purposes of determining whether the actions of the Defendants violate the

U.S. Constitution and the Home Rule Act governing changes to Ward redistricting in the District of Columbia.

2.  The Defendants, DC City Councilmember made substantial changes to the Ward apportionment map. The Council relied on a faulty premise for redrawing districts that was not consistent with the US Constitution. The Defendants defended the legislation based on their errant interpretation of the Equal Protection Clause of the Fourteenth Amendment. This Clause only applies to states, which the District of Columbia is not.

3.  The Defendant, District of Columbia Mayor, Muriel Bowser, signed this unlawful legislation and forwarded to Congress for congressional review, as required by law.

4.  The Plaintiff's equal protection interests cannot therefore be safeguarded by the District of Columbia given the U.S. Constitution and the Home Rule Act. The proposed redistricting map violates his equal protection rights since the Defendants are seeking to protect a right that they are not constitutionally or statutorily permitted to uphold.

## PARTIES

5.  Plaintiff, Christopher Williams, is a resident in the Southwest neighborhood of Washington, DC.

6.  Defendants Phil Mendelson, Anita Bonds, Robert White, Elissa Silverman, Christina Henderson, Brianne Nadeau,  Brooke Pinto, Mary Cheh, Janeese Lewis-George, Kenyan McDuffie, Charles Allen, Vincent Gray, and Trayon White are DC Councilors.

7.  Defendant Muriel Bowser is the District of Columbia Mayor.

## LAW

8.  The Equal Protection Clause of the Fourteenth Amendment only applies to States.

9.  The District of Columbia Home Rule Act extended the legislative authority of the District so long as the exercise of that authority is consistent with the Constitution of the United States.

10. The U.S. Congress has not admitted the District of Columbia as a State.

11. The District of Columbia unlawfully exceeded congressional authority when it passed the Ward redistricting map contingent upon upholding the Equal Protection Clause of the Fourteenth Amendment.

## JURISDICTION AND VENUE

12.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based upon Defendants' interests under the Fourteenth Amendment.

13.  Venue is proper under 29 U.S.C. §1391(b)(1) and (e)(1) as a substantial part of the events giving rise to the claims occurred in Washington, D.C., and all of the Defendants and Plaintiff resident in or near Washington, D.C.

## STATEMENT OF FACTS

14. DC Council Chairman Phil Mendelson appointed a subcommittee to direct redistricting based on data from the 2020 Census. Three at-Large Council members were retained: Elissa Silverman (subcommittee chair), Anita Bonds, and Christina Henderson.

15. The U.S. Census Bureau released Census data on September 16, 2021.

16. The DC Council Subcommittee on Redistricting launched a website on September 17, 2021 to enable the public to create their own recommendations on redrawing ward and ANC boundaries.

17. Plaintiff submitted a map to the subcommittee recommending that the Southwest-Waterfront neighborhood be put into Ward 8 rather than its current ward of Ward 6.

18. The subcommittee held its first hearing on redistricting on September 29, 2021. The Plaintiff signed up in advance and provided oral testimony asking that the subcommittee move Southwest from Ward 6 due to poor political representation from a succession of Ward 6 representatives and due to constitutional violations. His testimony read, in part…

"I'm a member of the DC Grassroots Planning Coalition and the editor-in-chief for Southwest Voice. To borrow a phrase from Congresswoman Barbara Jordan, "My faith in the Constitution is whole. It is complete. It is total. The Subcommittee on Redistricting has a monumental task before it and must look across the vastness of our Constitution and federal and district laws. Your decisions directly affect the economic health and social livelihood of DC residents. I'd like to make three points today. The first point is that Southwest has had poor political representation for a very long time. Ward 6 is the nation's epicenter of gentrification and Black displacement. We've talked a lot about voting dilution today, but i want to focus on the vulnerability of Black communities and gentrifying districts in Southwest. Black residents' political

power has been greatly diminished. Developers come in and fundamentally reshape our social space. They financially back newspapers and act on an agenda that cater to the gentrifying economy at the expense of our community's diversity, rich heritage, and affordability. It is no secret that I am very disappointed with the quality of our current political representation despite Southwest's vital role in electing and re-electing the Ward 6 council member. Racial injustices in housing, income, and health in Southwest are rampant. **Our conditions in Southwest do not live up to the U.S. Constitution of Equal Protection under the law** (emphasis). I would like to remind Council that Buzzard Point residents in our public housing communities have long complained about the industrial pollution in their backyard. When the Washington Post recently asked Chairman Mendelson whether the incoming White population played a factor in the city's new interest in cleaning up Buzzard Point, his response and I quote, "Probably." My second point, Southwest has repeatedly said that its long-standing social diversity is important. We have had the erosion of our community character. The ward member has played a major role in making Southwest less affordable: support for reducing truly affordable housing at the Wharf, support for pegging affordable housing at Randall School, which was public land at 80 percent AMI *(area median income)* which is well above Black median household income. Third, we must dispel with the notion that low-income wards cannot represent white wealthy areas. This is an artifact of political

racism. Recently, Empower DC met with the public. We had Sam from your office, Council member Silverman, who talked about the need for Wards 7 and 8 to grow. It is no coincidence that Ward 7 and Ward 8 need to grow because of the prejudices with which we have drawn our political districts. What I'm asking for is plain and simple. We need to not only emphasize voting dilution for Wards 7 and 8 but we need to give serious thought to the harm that this acute gentrification and redevelopment is causing throughout our black communities west of the Anacostia River.... When is Council going to take the Constitution seriously around **equal protection of the law** *(emphasis added)*? When I talk with residents in public housing, what we often talk about is the fact that if we were White, we would not have to protest. If we were White, we would have been listened to a long time ago. so my recommendation to the subcommittee on redistricting is get us out of Ward 6. Please and now thank you very much."

19.     The subcommittee held ward-level hearings in October and November 2021. The Ward 6 hearing occurred on November 3, 2021. At said Ward 6 hearing, Plaintiff voiced his support for Southwest moving out of Ward 6 due to 1) poor political representation by a succession of ward representatives, 2) the negative effects of neighborhood change on Black populations, including displacement, and 3) constitutional violations.

20. The Plaintiff submitted a second map via the redistricting tool on November 3, 2021 placing the Southwest neighborhood south of I-395 in Ward 8. This was similar to his previous map.

21. The DC Council Office of Racial Equity ("CORE") released its racial equity impact assessment of the redistricting bill on December 6, 2021. It concluded that the bill would "likely exacerbate racial inequity in the District of Columbia".

22. The DC Council Subcommittee on Redistricting released its final recommendations on November 19, 2021. Bill 24-371, Ward Redistricting Amendment Act of 2021" provided the rationale of the changes recommended by the subcommittee and all supporting documents. The Equal Protection Clause is referenced six times.

- "*One Person, One Vote.* The overriding mandate of redistricting is to ensure equal representation, often embodied in the principle of "one person, one vote." The **Equal Protection Clause** *(bolded for emphasis)* of the Fourteenth Amendment forms the basis of the one-person, one-vote principle."

- "Yet the **Equal Protection Clause** *(bolded for emphasis)* does not require districts to have exactly equal populations. Deviations from exact equivalence are allowed to accommodate policy objectives such as preserving communities of interest or drawing districts that are geographically compact."

- "*Racial Gerrymanders.* **The Equal Protection Clause** *(bolded for emphasis)* also may be violated by racial gerrymanders, in which

boundaries are drawn to advantage one racial group over another. Racial demographics may be considered as one of many factors informing apportionment. But if race becomes the predominant factor driving apportionment, a court will strictly scrutinize the plan to determine whether it is narrowly tailored to promote a compelling state interest. A racial gerrymander may violate the **Equal Protection Clause** *(bolded for emphasis)* even if it is done to benefit racial minority groups, like Black and Latino residents."

- *(contained in footnote)* "Shaw v. Reno, 509 U.S. 630 (1993)

  Significance: Legislative and congressional districts will be struck down by courts for violating the **Equal Protection Clause** *(bolded for emphasis)* if they cannot be explained on grounds other than race. While not dispositive, "bizarrely shaped" districts are strongly indicative of racial intent."

- *(contained in footnote)* "Bush v. Vera, 517 U.S. 952 (1996)

  Significance: If you want to argue that partisan politics, not race, was your dominant motive in drawing district lines, beware of using race as a proxy for political affiliation. To survive strict scrutiny under the **Equal Protection Clause** *(bolded for emphasis)* and avoid being struck down as a racial gerrymander, a district must be reasonably compact."

23. On December 7, 2021, the DC Council Committee of the Whole met to discuss the redistricting bill. Defendant Phil Mendelson gave the floor to the Redistricting Subcommittee chairperson, Defendant, Elissa Silverman, time to discuss

the decision-making of the subcommittee's proposed redistricting map. Defendant,

Elissa Silverman's partial remarks…

"I will admit that my understanding of this process was the subcommittee

was going to present first. And do I'm going to add in some comments. In the

course of my comment, I will address your changes. But let me say this is my first

time going through redistricting actually and it's a little like a political campaign. I

think that everyone here can relate to a political campaign. You know. It's time

limited. And it's intense. And in the end, on "voting day," no matter how many

emails you respond to and meetings that you have in-person and virtually and ads

that you place in community newspapers and residents that you try to engage the

process, you could have always done more. And there are some people on the date

to vote that they are just tuning in. And I think we might have some of those

people watching today, Mr. Chairman. I do want for the sake of those tuning in

just to give a quick overview of the subcommittee's task and process and out

recommendations and where we differed with the Committee of the Whole. So

first, let me just quickly go over our duty in this process, which I think is

important to state. Our duty is to make sure that the District meets both federal and

local law. **Most notably informed by the Equal Protection Clause of the**

**Fourteenth Amendment** *(emphasis added)* and the Voting Rights Act to make

sure that residents have equal representation in our government. With the release

of the 2020 Census, three wards were outside the legal population range – Wards

6, 7, and 8. Ward 6 needed to reduce people – population. Wards 7 and 8 needed

to grow. So therefore, these wards needed to be redrawn by law and other wards did too because there were what you might call cascading effects or the effects of being neighbors."

24.     Without making any changes based on the CORE report, the DC Council proceeded with a first vote on December 7, 2021. The legislation passed with slight amendments.

25.     The DC Council voted a second time on the final redistricting map that kept Southwest in Ward 6 on December 21, 2021.

26.     DC Mayor Muriel Bowser signed the Ward Redistricting Amendment Act of 2021 on December 29, 2021, initiating the congressional review period. That redistricting map maintains the Southwest neighborhood in its current ward.

## CAUSES OF ACTION

### Claim One
### (Violations of the Fourteenth Amendment)

27.     Plaintiff repeat and reallege, incorporating by reference, the preceding paragraphs as if fully set forth herein.

28.     Plaintiff is being irreparably harmed by reason of Defendants' violations of the Equal Protection Clause of the Fourteenth Amendment. The Defendants erroneously and illegitimately misappropriated the Equal Protection Clause within its congressional authority.

29.     By alleging this protection, the Plaintiff's constitutional rights were abridged because he specifically claimed the equal protection violations as a resident within a highly

gentrifying neighborhood characterized by harming Black residents and intense social whitening.

30.     The Plaintiff is entitled to injunctive relief enjoining the implementation of the Ward Redistricting Amendment Act of 2021.


## Claim Two
### (Violations of the District of Columbia Home Rule Act)

31.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

32.     Plaintiff is being irreparably harmed by reason of Defendants' violations of the District of Columbia Home Rule Act in that the Defendant failed to comply with Congress' plain and clear self-governance dependent on laws remaining consistent with the Constitution of the United States.

33.     The Home Rule Act had neither the intent nor the effect of making the District of Columbia a State.

34.     The Plaintiff is entitled to injunctive relief enjoining the implementation of the Ward Redistricting Amendment Act of 2021.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants, and order the following relief:

a.      Entry of a declaratory judgment that the Defendants exceeded constitutional and congressional authority and therefore violated the Equal Protection rights of the Plaintiff;

b.      Entry of an order enjoining the Ward Redistricting Amendment Act of 2021.

c.      A grant of an award for compensatory damages for the Plaintiff's Equal Protection violations.

d.      A grant of an award of costs and fees, including those based on this pro se petition, incurred in this proceeding; and

e.      Such other relief as the Court deems just and proper.

## JURY TRIAL WAIVED

The Plaintiff requests a decision for all claims by an Article III judge, except as not permitted by law.

DATED:  January 18, 2022.          **CHRISTOPHER M. WILLIAMS**
                                    By /s/  Christopher M. Williams
                                    201 I St SW Apt 526
                                    Washington, DC 20024
                                    Telephone: (202) 630-0524
                                    info@southwestvoicedc.com

**Certificate of Service**

CLERK
DISTRICT & BANKRUPTCY
COURTS FOR DC

I hereby certify that on this 18 day of January 2022 a true and correct copy of the foregoing was sent via

Certified Mail postage prepaid to the following individuals:

RECEIVED

**District of Columbia,**
c/o The Honorable Muriel E. Bowser
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

**Nyasha Smith**
**Secretary to the DC Council**
On behalf of Councilmembers Phil Mendelson,
Anita Bonds, Robert White, Elissa Silverman,
Christina Henderson, Brianne Nadeau,
Brooke Pinto, Mary Cheh, Janeese Lewis-George, Kenyan McDuffie, Charles Allen, Vincent Gray, Trayon White
John A. Wilson Building
1350 Pennsylvania Avenue NW
Washington, D.C. 20004


Sincerely,
/s/ Christopher Williams