UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER M. WILLIAMS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 1:22-CV-00114-EGS<br>Judge Emmet G. Sullivan |

### DEFENDANTS COUNCILMEMBERS OF THE COUNCIL OF THE DISTRICT OF COLUMBIA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Council of the District of Columbia Chairman Phil Mendelson and Councilmembers Charles Allen, Anita Bonds, Mary M. Cheh, Christina Henderson, Vincent C. Gray, Janeese Lewis George, Kenyan R. McDuffie, Brianne K. Nadeau, Brooke Pinto, Elissa Silverman, Robert C. White, Jr., and Trayon White, Sr. (the "Councilmember Defendants"), through undersigned counsel, submit this memorandum of points and authorities in support of their motion to dismiss *pro se* Plaintiff's Complaint.  The Complaint seeks declaratory and injunctive relief that would invalidate and preclude implementation of the Ward Redistricting Amendment Act of 2021, effective February 24, 2022 (D.C. Law 24-74; 69 DCR 10) ("Redistricting Act" or "Act"),[1] as well as compensatory damages and associated costs and fees. Compl. at 11-12.  Dismissal with prejudice of the Complaint as to the Councilmember Defendants is proper: 1) pursuant to Fed. R. Civ. P. 12(b)(1), because Plaintiff lacks standing to challenge the Redistricting Act on the grounds set forth in his Complaint and because the

---

[1] The Complaint references the Redistricting Act's bill number, Bill 24-371.  The new ward boundaries are codified at D.C. Code § 1-1041.03.

Councilmember Defendants are immunized from suit by the District's Speech or Debate Statute, D.C. Code § 1-301.42; and 2) pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a plausible claim for relief against the Councilmember Defendants.[2]

## Factual Background

The Complaint, filed by Plaintiff Christopher Williams, a resident of Southwest Washington, D.C., seeks to invalidate and enjoin implementation of the Redistricting Act, which establishes new ward boundaries for the District based on the results of the most recent decennial census. In furtherance of that goal, the Complaint sets forth two causes of action against all Defendants. Specifically, Plaintiff alleges that by enacting the Act the Defendants have violated: (1) the Equal Protection Clause of the Fourteenth Amendment; and (2) the District of Columbia Home Rule Act. Compl. at 1-3.

The Complaint's allegations are confusing, non-specific, and inherently contradictory. The Complaint argues first that, because the District is not a state, it is not subject to the Equal Protection Clause of the Fourteenth Amendment, and for that reason the Councilmember Defendants' efforts to adhere to the requirements of that Clause when redrawing the District's ward boundaries somehow violated Plaintiff's rights under that Clause. Compl. at 2-3, 10. Plaintiff's second claim that Defendants violated the District of Columbia Home Rule Act also is predicated on an assertion that the Equal Protection Clause applies exclusively to states and that the Councilmember Defendants somehow acted illegally by endeavoring to comply with it. Compl. at 2-3, 10-11. The Complaint fails to identify any particular provision of the Home Rule Act that the Councilmember Defendants allegedly have violated. The Complaint also fails to

---

[2] The Councilmember Defendants also adopt by reference any additional arguments made by Defendant the District of Columbia in support of its contemporaneously filed Motion to Dismiss the Complaint.

articulate the manner in which Plaintiff specifically has been harmed by the enactment of the Act, instead making only conclusory claims that "the proposed redistricting map violates [Plaintiff's] equal protection rights since the Defendants are seeking to protect a right that they are not constitutionally or statutorily permitted to uphold" and that Plaintiff's equal protection rights are violated "as a resident within a highly gentrifying neighborhood characterized by harming Black residents and intense social whitening."[3]  Compl. at 2, 10-11.

## Argument

I. **The Court Lacks Subject Matter Jurisdiction Because Plaintiff Has Failed to Establish Standing and Because the Councilmember Defendants Are Immunized from Suit by the District's Speech or Debate Statute.**

A. **Plaintiff has Failed to Establish Standing.**

For a plaintiff to possess standing consistent with an exercise of subject-matter jurisdiction by this Court, the plaintiff must establish three elements: 1) "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[;]" 2) "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court[;]" and 3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up).  Here, the Complaint's assertions that the Redistricting Act "violates [Plaintiff's] equal protection rights since the Defendants are seeking

---

[3] The Complaint's factual allegations also recite Plaintiff's testimony before the Council's Subcommittee on Redistricting on September 29, 2021, during which he argued that the Southwest neighborhood was subject to gentrification and the displacement of Black residents and he recommended that the Subcommittee address these issues by proposing to move the neighborhood out of Ward 6 and into Ward 8.  Compl. at 4-6.

3

to protect a right that they are not constitutionally or statutorily permitted to uphold[,]" Compl. at 2, and that "[t]he Defendants erroneously and illegitimately misappropriated the Equal Protection Clause within its congressional authority[,] Compl. at 10, are wholly abstract and therefore insufficient to constitute an injury-in fact. *Jeffries v. Volume Servs. Am., Inc.*, 928 F.3d 1059, 1063 (D.C. Cir. 2019) ("An injury in fact must always be 'concrete' – that is, 'real' and '*de facto*,' not 'abstract.'") (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339-40 (2016)).[4]  Indeed, the gravamen of Plaintiff's claims appears to be that the Councilmember Defendants violated the Equal Protection Clause solely by endeavoring to comply with it, a position tantamount to a concession that there has been no invasion of Plaintiff's legally protected rights.

Plaintiff's further assertion that his equal protection rights have been violated as "a resident within a highly gentrifying neighborhood characterized by harming Black residents and intense social whitening[,]" Compl. at 10, also fails to establish a "concrete and particularized" and "actual or imminent," *Lujan*, 504 U.S. at 560, injury to Plaintiff.  The public comments by Plaintiff that he has incorporated into his Complaint, Compl. at 4-6, suggest that he believes that this gentrification and the resulting harm to black residents is the consequence of "poor political representation" of the Southwest neighborhood by the current Ward 6 Councilmember, and that he believes these non-specific complained-of harms will continue unless the Southwest neighborhood is moved from Ward 6 into Ward 8.  It is well-established, however, that an injury is not sufficiently concrete, particularized, or imminent to support standing if it "rest[s] on mere conjecture about possible government actions," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420

---

[4] Plaintiff's assertion that he is being "irreparably harmed by reason of Defendants' violation of the District of Columbia Home Rule Act in that the Defendant[s] failed to comply with Congress' plain and clear self-governance dependent on laws remaining consistent with the Constitution of the United States[,]" Compl. at 11, is likewise abstract and fatal to an assertion of standing.

4

(2013), including here the possible future actions of the political representatives of Ward 6 with respect to the Southwest neighborhood. *See also Matthew A. Goldstein, PLLC v. U.S. Dep't of State*, 153 F. Supp. 3d 319, 332 (D.D.C. 2016) ("If an allegation of injury is based on future conduct, the Supreme Court has repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient.") (emphasis in original) (internal quotations and citations omitted). Accordingly, there is no injury-in-fact that Plaintiff has alleged that would be sufficient to support a conclusion that he has standing.

In addition to failing to allege an injury-in-fact, Plaintiff also fails to allege that ongoing gentrification in the neighborhood is "fairly traceable," *Lujan*, 504 U.S. at 560, to the Redistricting Act. Notably, the Act merely shifts the political boundaries of the District's wards in light of the change in population as determined by the decennial census and it has no direct bearing on the District's growth in population or the welfare of its residents. Similarly, Plaintiff does not allege how a decision by this Court to enjoin implementation of the Act might be expected to redress the harm alleged in the Complaint, *id.* at 561. Indeed, the Southwest neighborhood is currently in Ward 6 and it therefore will remain in Ward 6 regardless of whether the Court enjoins implementation of the Act; thus, the relief requested would simply perpetuate the status quo that Plaintiff apparently finds objectionable. Accordingly, this Court should dismiss the Complaint as to the Councilmember Defendants for lack of standing.

### B. The Councilmember Defendants Are Immunized from Suit by the District's Speech or Debate Statute.

The Court also should dismiss the Complaint as to the Councilmember Defendants pursuant to Fed. Civ. R. P. 12(b)(1) because they are immunized from suit by the District's

5

Speech or Debate Statute, D.C. Code § 1-301.42 ("Speech or Debate Statute").[5] The Speech or Debate Statute states that: "For any speech or debate made in the course of their legislative duties, the members of the Council shall not be questioned in any other place." *Id*. The term "legislative duties" is defined as:

> [T]he responsibilities of each member of the Council in the exercise of such member's functions as a legislative representative, including but not limited to: Everything said, written or done during legislative sessions, meetings, or investigations of the Council or any committee of the Council, and everything said, written, or done in the process of drafting and publishing legislation and legislative reports.

*Id.* § 1-301.41(b). The statute is modeled on the Speech or Debate Clause of the U.S. Constitution, so this Court "accordingly, look[s] to precedent interpreting the U.S. Constitution's Speech or Debate Clause in 'construing the District's analogous statute.'" *Gouse v. District of Columbia*, 359 F. Supp. 3d 51, 57 (D.D.C. 2019) (citation omitted).

Here, the Complaint alleges that the Redistricting Act should be invalidated because the Councilmember Defendants "erroneously and illegitimately misappropriated" the Equal Protection Clause when passing the Redistricting Act, citing the "six times" the Equal Protection Clause was mentioned in the Subcommittee Report and Councilmember Silverman's reference to the Equal Protection Clause in remarks made during an official meeting of the Council's Committee of the Whole. These allegations all clearly pertain to the Councilmember Defendants' actions in drafting, debating, and passing the Redistricting Act, core legislative duties that the Speech or Debate Statute unquestionably protects. *See Fields,* 459 F.3d at 10-11

---

[5] The United States Court of Appeals for the District of Columbia Circuit has held that the federal Speech or Debate Clause "operates as a jurisdictional bar when the actions upon which a plaintiff sought to predicate liability were legislative acts." *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 13 (D.C. Cir. 2006) (internal quotation marks and citations omitted). Accordingly, relief here is appropriate under Fed. R. Civ. P. 12(b)(1), which provides for dismissal of a complaint based on a lack of subject-matter jurisdiction.

(observing that legislative functions "at least includes delivering an opinion, uttering a speech, or haranguing in debate; proposing legislation; voting on legislation; making, publishing, presenting, and using legislative reports; authorizing investigations and issuing subpoenas; and holding hearings and introducing material at Committee hearings") (cleaned up).  Similarly, to the extent Plaintiff alleges that the Councilmember Defendants failed to heed his recommendation before the Subcommittee to move the Southwest neighborhood from Ward 6 to Ward 8, an alleged failure to act legislatively also implicates legislative functions and is therefore protected.  *Dorsey v. District of Columbia*, 917 A.2d 639, 643 (D.C. 2007) (noting that Councilmember's alleged "'refusal' to repeal" particular regulation "clearly fall[s] within the scope of her legislative duties").  Accordingly, this Court also should dismiss the Complaint as to the Councilmember Defendants pursuant to the Speech or Debate Statute.

**II.  The Complaint Also Should Be Dismissed Because Plaintiff Has Failed to Allege a Violation of the Equal Protection Clause or of the District of Columbia Home Rule Act That is Plausible on its Face.**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *JSC Transmashholding v. Miller*, 70 F. Supp. 3d 516, 520 (D.D.C. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient and "[a] court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations." *Martin v. District of Columbia*, 968 F. Supp. 2d 159, 163 (D.D.C. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (cleaned up).  Here, the Complaint's central premises are that: 1) because the District is not a state, the Equal Protection Clause does not apply to it; and 2) notwithstanding that the Equal

Protection Clause does not apply to the District, the Councilmember Defendants somehow violated the Clause (and, in turn, the Home Rule Act)[6] by adhering to its requirements when enacting the Redistricting Act.

First, to be clear, although the District is not a state and therefore the Fourteenth Amendment does not apply to it, it is well-established that the Fifth Amendment guarantees the same equal protection of the laws to the residents of the District that the Fourteenth Amendment guarantees to residents of the states.  *See Women Prisoners of Dist. of Columbia Dept. of Corrections v. District of Columbia* , 93 F.3d 910, 924 (D.C. Cir. 1996) ("The Fourteenth Amendment's Equal Protection Clause requires States to treat similarly situated persons alike. The District of Columbia is subject to that requirement by virtue of the Fifth Amendment's guarantee of due process of law.") (citations omitted); *see also Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) ("This Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment.").  Accordingly, the Councilmember Defendants were correct to hew to the equal-protection requirements of the Fourteenth Amendment when enacting the Redistricting Act, and Plaintiff's allegation that the Councilmember Defendants violated the Constitution and the Home Rule Act by endeavoring to comply with the Equal Protection Clause is meritless.

Moreover, to the extent the Court construes the Complaint's allegations to make out a claim of discrimination on the basis of race under the Equal Protection Clause based on the Act's

---

[6] As noted above, the Complaint does not identify a particular provision of the Home Rule Act that the Councilmember Defendants allegedly violated; instead, Plaintiff generally claims in the count alleging a violation of the Home Rule Act that "Defendant failed to comply with Congress' plain and clear self-governance dependent on laws remaining consistent with the Constitution of the United States."  Compl. at 11.  For the reasons set forth herein, however, Plaintiff has failed to allege that the Redistricting Act is not consistent with the Constitution of the United States.  Accordingly, Plaintiff's derivative claim of a violation of the Home Rule Act, even if otherwise cognizable, must fail.

alleged fostering of gentrification in Southwest Washington, D.C., this claim also would fail because the Complaint does not allege the Councilmember Defendants intended to discriminate on the basis of race with the passage of the Act. To the contrary, the Complaint's recognition that the Councilmember Defendants intended to adhere the Equal Protection Clause forecloses the possibility that they had the necessary "racially discriminatory intent or purpose [] required to show a violation of the Equal Protection Clause." *Bellinger v. Bowser*, 288 F. Supp. 3d 71, 80 (D.D.C. 2017) (quoting *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977)). Accordingly, this Court should dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## Conclusion

For the foregoing reasons, the Councilmember Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint dismissed with prejudice as to the Councilmember Defendants.

| | |
|---|---|
| June 17, 2022 | Respectfully submitted, |
| | NICOLE L. STREETER<br>General Counsel |
| | /s/ Daniel P. Golden<br>DANIEL P. GOLDEN (#489689)<br>Deputy General Counsel<br>COUNCIL OF THE DISTRICT OF COLUMBIA<br>1350 Pennsylvania Avenue, NW Suite 4<br>Washington, DC  20004<br>(202) 724-8026<br>(202) 724-8129 fax<br>dgolden@dccouncil.us |